# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| BONNIE PICKERING and RICHARD PICKERING, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Cause No. 1:18-cv-1448 |
| MENARD INC. d/b/a MENARDS and JACOB STREETMAN, | ) ) ) ) |
| Defendants. | ) |

## PETITION FOR REMOVAL OF ACTION

Defendants, Menard, Inc. d/b/a Menards and Jacob Streetman, by their counsel, Leslie b. Pollie and Jessica N. Hamilton of Kopka Pinkus Dolin PC, and for its Petition for Removal of Action states:

1. On February 26, 2018, Plaintiffs filed their Complaint in the Delaware County Circuit Court No. 5 under Cause Number 18C05-1802-CT-0034 against Defendants Menard, Inc. and Jacob Streetman.

2. In Plaintiffs Complaint, they allege that on May 15, 2016, Bonnie Pickering was on the Menard's premises when she tripped and fell over a broom lying in the aisle way in the Outdoor Garden Center causing her injuries and damages.

3. As to Defendant Jacob Streetman, Plaintiffs merely allege that he was the "manager on duty", and this allegation is not even accurate.

4. Defendant Menard, Inc. is incorporated under the laws of the State of Wisconsin with its principal place of business in Eau Claire, Wisconsin.

5. Defendant, Jacob Streetman, is a citizen of the State of Indiana.

6. Plaintiffs are citizens of the state of Indiana.

7. After further investigation into the incident and Plaintiff's allegations, Defendants, Menard, Inc. and Jacob Streetman, maintain that Streetman's non-diverse residency status is not an impediment to removal of this action to federal court under the Doctrine of Fraudulent Joinder. *Conk v. Richards & O'Neil, LLP*, 77 F. Supp. 2d 956 (S.D. Ind. 1999)("Fraudulent joinder occurs either when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or there has been an outright fraud in plaintiff's pleading of jurisdictional facts.").

8. It is well established that diversity jurisdiction cannot be destroyed by joinder of nondiverse parties if such joinder is fraudulent. *Hoosier Energy Rural Elec. Coop. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310 (7th Cir. Ct. App. 1994). A district court has authority to dismiss parties who have been fraudulently joined in an action. *Fore Invs., LLC v. Travelers Indem. Co. of Am.*, 2013 U.S. Dist. LEXIS 95890.

9. Plaintiffs do not allege any personal wrongdoing on the part of Streetman. Plaintiffs simply state he was the "manager on duty", when in fact; investigation has revealed that he was not even working or on the Menard's premises on the date of the incident. Plaintiffs cannot maintain a cause of action against Defendant Jacob Streetman and they have not pled any independent allegations of negligence against Mr. Streetman.

10. The sole purpose of Plaintiffs inclusion of an employee that was not working on the date of the incident and wrongfully claiming he was the "manager on duty" at the subject store on the date of the incident is an attempt to destroy diversity of citizenship and prevent removal under 28 U.S.C. § 1332.

11. This cause is removable under 28 U.S.C. § 1332 and none of the impediments to removal under 28 U.S.C. § 1445 are present in this action.

12. Pursuant to Local Rule 81.1, Defendants certify that to the best of their knowledge, information and belief, the amount in controversy exceeds Seventy-five Thousand Dollars ($75,000.00), exclusive of interest and costs, as Plaintiffs' Complaint has an open prayer for damages and alleges that Defendants breached their duty to Plaintiffs causing Plaintiffs to "suffer ongoing physical pain, incur medical expenses, as well as the loss of a whole and useful life". Counsel for Plaintiffs has confirmed that the amount in controversy exceeds Seventy-five Thousand Dollars ($75,000.00).

13. This Petition for Removal is being filed with the Court within thirty (30) days after determining that the basis for diversity jurisdiction exists and that Plaintiffs fraudulently joined an improper party to this litigation.

14. Copies of all pleadings filed in the state court action that are in the possession of Defendants are attached as Exhibit "A".

15. Contemporaneously herewith, written notice is being provided to all adverse parties and to the Clerk of the Delaware County Circuit Court that this Notice of Removal is being filed in this Court.

WHEREFORE, Defendants, Menard, Inc. d/b/a Menards and Jacob Streetman, pray that the entire state court action under Cause Number 18C05-1802-CT-0034 now pending in the Delaware County Circuit Court of Indiana be removed to this Court for all further proceedings.

Dated this 10th day of May, 2018.

       */s/ Jessica N. Hamilton*
       Jessica N. Hamilton (#34268-71)
       Leslie b. Pollie (#25716-49)
       KOPKA PINKUS DOLIN PC
       550 Congressional Blvd., Suite 310
       Carmel, IN 46032
       Telephone: 317-814-4049
       Facsimile: 317-818-1390
       Email: jnhamilton@kopkalaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of May, 2018, a true and correct copy of the foregoing was served on the following counsel of record:

| | |
|---|---|
| David Singleton | Tom Blackburn |
| dsingleton@blackburnandgreen.com | tblackburn@blackburnandgreen.com |

       */s/ Jessica N. Hamilton*

KOPKA PINKUS DOLIN PC
550 Congressional Blvd., Suite 310
Carmel, IN 46032
Telephone:   317-818-1360
Facsimile:   317-818-1390

4