UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| BONNIE PICKERING, | ) |
| RICHARD PICKERING, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:18-cv-01448-JMS-DLP |
| | ) |
| MENARD, INC., | ) |
| JACOB STREETMAN, | ) |
| | ) |
| Defendants. | ) |

## ORDER

On May 10, 2018, Defendants Menard, Inc. and Menards manager Jacob Streetman removed this personal injury action on the basis of the Court's diversity jurisdiction. As Defendants recognized, however, Mr. Streetman's citizenship (Indiana) is not diverse from the citizenship of Plaintiffs Bonnie and Richard Pickering (also Indiana). Defendants assert, however, that Mr. Streetman's citizenship should be disregarded under the oddly-named fraudulent joinder doctrine, which "requires neither fraud nor joinder." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 765 n.9 (7th Cir. 2009). Rather, Defendants argue in this case that Mr. Streetman should be dismissed and his citizenship disregarded because the Pickerings' claims against him have "no reasonable chance of success." [Filing No. 12 at 4.]

The Pickerings disagree with Defendants' analysis and argue that their allegations of negligence against Mr. Streetman in his capacity as a manager could reasonably suffice to state a claim. The Court agrees with the Pickerings. The fraudulent joinder doctrine imposes a stringent burden on defendants to show either legal or factual impossibility of success against the nondiverse

defendant. Defendants have not met this burden. Therefore, as described in detail below, the Court **GRANTS** the Pickerings' Motion to Remand. [Filing No. 11.]

# I.
### BACKGROUND

This matter arises out of a May 2016 incident at a Menards store in Muncie, Indiana. [Filing No. 1-2 at 5.] The Pickerings' Complaint, filed in state court on February 26, 2018, alleges that Ms. Pickering tripped and fell on a broom lying in an aisle, sustaining permanent injuries. [Filing No. 1-2 at 5.] For her cause of action against Defendants, Ms. Pickering alleges as follows:

> The injuries and damages were the responsible result of the carelessness and negligence of the manager on duty, Jacob Streetman, and other agents and/or employees of Defendant, Menards, by failing to properly train employees, failing to have proper safety policies and procedures, failing to properly inspect and maintain its property in a safe condition, failing to clear the floor of hazardous material and/or failing to warn of the danger.

[Filing No. 1-2 at 5.] Mr. Pickering alleges a derivative loss of consortium claim based upon the same events. [Filing No. 1-2 at 6-7.]

On May 10, 2018, Defendants removed this matter on the basis of the Court's diversity jurisdiction. [Filing No. 1.] In their Notice of Removal, Defendants acknowledge that the parties are not completely diverse because Mr. Streetman and the Pickerings are all citizens of Indiana. [Filing No. 1.] Nonetheless, Defendants assert that Mr. Streetman's citizenship should not be considered and that he should be dismissed as a fraudulently joined party. [Filing No. 1 at 2.] On May 15, 2018, the Court issued an Order to Show Cause, directing the parties to brief whether diversity jurisdiction is proper in this matter. [Filing No. 8.]

On May 23, 2018, the Pickerings filed their Motion to Remand. [Filing No. 11.] The Motion is now ripe for decision.

## II.
### DISCUSSION

In support of their Motion to Remand, the Pickerings argue that they have alleged a viable claim of negligence against Mr. Streetman, defeating Defendants' fraudulent joinder argument. [Filing No. 11.]

In response, Defendants argue that the Pickerings cannot succeed on their claims against Mr. Streetman because he was not the manager on duty at the time of the incident. [Filing No. 12.] Defendants have offered an affidavit from Mr. Streetman asserting that he was not the manager on duty at Menards on the day of Ms. Pickering's fall. [Filing No. 12-1.] Because Mr. Streetman was not on duty, Defendants argue that the Court should disregard Mr. Streetman's citizenship and dismiss him from the case. [Filing No. 12 at 3.]

In reply, the Pickerings argue that the success of their claims against Mr. Streetman does not depend on his physical presence at the Menards store. [Filing No. 14 at 5-7.] Rather, the Pickerings assert that their allegations suffice to state a claim under, or at a minimum are not foreclosed by, Indiana law. [Filing No. 14 at 4-7.]

The federal district courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "[T]he district courts may not exercise jurisdiction absent a statutory basis," *id.*, and the removing party "bears the burden of establishing federal jurisdiction," *Tri-State Water Treatment, Inc. v. Bauer*, 845 F.3d 350, 352 (7th Cir. 2017). Here, Defendants allege that jurisdiction is appropriate pursuant to 28 U.S.C. § 1332 which, in relevant part, explains that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ." 28 U.S.C. § 1332(a); *see id.* § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original

jurisdiction, may be removed by the defendant or the defendants . . . ."). Since 1806, the Supreme Court has "read th[is] statutory formulation . . . to require complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)).

Defendants, fully aware of these unwaivable restrictions on the Court's authority, nonetheless removed this matter (involving plaintiffs and a defendant from the same state) from state court. According to Defendants, the Court should ignore the citizenship of Mr. Streetman and dismiss him pursuant to the fraudulent joinder doctrine. The fraudulent joinder doctrine imposes a burden far more stringent than that ordinarily imposed on a removing defendant. *See Schur*, 577 F.3d at 764. A defendant invoking the doctrine must demonstrate that, "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Id.* (emphasis and internal quotation omitted). As this statement suggests, the Court must look at both the facts alleged and the law governing the plaintiffs' complaint to determine whether they have "some chance of success" on their claims under state law. *Thornton v. M7 Aerospace LP*, 796 F.3d 757, 765 (7th Cir. 2015); *Morris v. Nuzzo*, 718 F.3d 660, 660 (7th Cir. 2013) ("Under the fraudulent joinder doctrine . . . , an out-of-state defendant's right of removal premised on diversity cannot be defeated by joinder of a nondiverse defendant against whom the plaintiff's claim has 'no chance of success.'" (citation omitted)).

A removing defendant may present uncontested evidence to show that the facts of the case preclude a plaintiff's claim against a nondiverse defendant. For example, where a removing defendant provides an uncontroverted affidavit demonstrating that a nondiverse defendant had "absolutely nothing to do with" the claims raised by the plaintiff, the lack of diversity does not prevent removal. *Faucett v. Ingersoll-Rand Mining & Mach. Co.*, 960 F.2d 653, 654 (7th Cir.

4

1992). In such circumstances, the plaintiff's claim against the nondiverse defendant fails because the undisputed evidence demonstrates that the defendant could not factually establish an essential element of the claim. *See id.* This appeared to be the situation raised by another case involving the same counsel as this case, *Ellis v. Menard, Inc.*, No. 1:18-cv-494-JMS-TAB (removed Feb. 20, 2018), where the nondiverse defendant tendered an affidavit stating that he did not even work for Menards at the time of the alleged incident.

Fraudulent joinder may also apply where a plaintiff's claim against the nondiverse litigant has no reasonable legal merit, such as where a plaintiff sues an entity who cannot be held liable under established state law. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73-74 (7th Cir. 1992) (applying fraudulent joinder to disregard parent company's citizenship where plaintiff sued parent company for injury allegedly caused by subsidiary). The fraudulent joinder inquiry, however, is far more circumscribed than a district court's inquiry when applying state substantive law in diversity cases, where it must "predict[] . . . how the supreme court of the state would decide the matter" as if it were that tribunal. *Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 635 (7th Cir. 2002). In assessing a fraudulent joinder argument, all that the Court must determine is whether there is a "reasonable possibility" that the state court would hold that the plaintiff stated a viable claim to relief against the nondiverse defendant. *Morris v. Nuzzo*, 718 F.3d 660, 672-73 (7th Cir. 2013) (holding that proper inquiry is not how the district court would resolve a dispositive choice of law issue, but whether there was a "reasonable possibility th[at] the state court would have ruled against" the nondiverse defendant).

Applying these principles, it is clear that Defendants have failed to meet their high burden of demonstrating that the Pickerings' claims against Mr. Streetman lack a reasonable chance of success under Indiana law. Unlike the situation presented in *Ellis v. Menard, Inc.*, where the

5

nondiverse defendant was not even an employee of Menard, Inc. at the time of the alleged incident, here Mr. Streetman was a manager at the time of Ms. Pickering's fall. And the Pickerings allege that Mr. Streetman was responsible for the fall by "failing to properly train employees, failing to have proper safety policies and procedures, failing to properly inspect and maintain [the] property in a safe condition," and "failing to clear the floor of hazardous material." [Filing No. 1-2 at 5.] Thus, the Pickerings claim that Mr. Streetman was negligent not in leaving or failing to pick up the broom over which Ms. Pickering tripped, but in the way he performed his managerial responsibilities.

Defendants make no effort to show that Indiana law would not consider such claims against a store manager simply because the manager was not on the property at the time of an incident. By contrast, the Pickerings cite to three Indiana district court opinions each granting motions to remand based upon the unsettled state of the law concerning store manager liability. [Filing No. 14 at 3-4 (citing *Springer v. Wal-Mart Corp. Office*, 2010 WL 3275521 (N.D. Ind. 2010); *Butler v. Kohl's Dep't Stores, Inc.*, 2008 WL 1836684 (S.D. Ind. 2008); *Antonio v. Wal-Mart*, 2007 WL 2884371 (S.D. Ind. 2007)). In each of these cases, the plaintiffs alleged negligence claims against store managers based upon their failure to maintain safe premises. The *Antonio* court provided a lengthy discussion of Indiana law and explained why the plaintiffs may have viable claims against the store manager:

> Indiana law permits an officer of a corporation, which would include a store manager, to be held personally liable for torts in which the officer participates, authorizes, or directs. It is not clearly obvious, however, that a store manager's failure to act constitutes participation, authorization, or direction.
> As an employee of Wal-Mart, Theademan [the store manager] was the company's agent. Under general principles of agency, an agent's breach of a duty to the principal is not itself a basis for holding the agent liable in tort to a third party. The agent's conduct must breach a duty that the agent owes to the third party. Moreover, in Indiana, the duty to ensure the safety of an invitee in Indiana is generally thought to fall on the owner or occupier of the land.

> . . .
> But duties, of course, can be delegated, although the Comparative Fault Act or the doctrine of non-delegable duties will often prevent a principal from escaping liability. Moreover, on a general level, liability depends on the power to prevent injury. Under these principles, Theademan may be held liable if Wal-Mart gave her the responsibility and authority to ensure the safety of its premises

2007 WL 2884371, at *7; Butler, 2008 WL 1836684, at *2 (quoting *Antonio*). In *Springer*, moreover, the store manager "filed an affidavit stating he wasn't working when the alleged slip and fall happened." 2010 WL 3275521, at *1. In all three cases, the courts held that there was a reasonable possibility that the plaintiffs could prevail against the store managers under Indiana law. The courts concluded that the defendants failed to establish fraudulent joinder and remanded the cases for lack of jurisdiction.

The Court is required to "resolv[e] all issues of fact *and law* in favor of" the Pickerings. Schur, 577 F.3d at 764 (emphasis in original). On the basis of the persuasive, on-point authority identified by the Pickerings, and in light of Defendants' failure to identify any authority suggesting that Indiana law would not entertain the Pickerings' claims against Mr. Streetman, the Court concludes that Defendants have failed to meet their "heavy burden" of demonstrating there is no reasonable possibility that the Pickerings could prevail. Id. Therefore, the Court **GRANTS** the Pickerings' Motion to Remand.

### III.
#### CONCLUSION

Defendants removed this matter despite a lack of complete diversity. They faced a high bar in their efforts to establish fraudulent joinder as required for the Court to dismiss the nondiverse defendant. They have not succeeded in these efforts. Without complete diversity, the Court lacks subject matter jurisdiction over this matter. The Court therefore **GRANTS** the Pickerings' Motion

to Remand [11] and **REMANDS** this matter to Delaware Circuit Court No. 5 in Delaware County, Indiana.

Date: 6/26/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**